### Young & Schmitt v. Peckman.

*Mechanics' liens—Procedure—Judgment on scire facias—Rule to strike off.*

After judgment on a *scire facias*, while the judgment remains on the record, a rule to strike off a mechanic's lien cannot be filed. The lien and the judgment are merged, and the judgment, while it stands, is conclusive of all matters necessary to the maintenance of the lien.

Rule to show cause why mechanic's lien should not be stricken off. C. P. Allegheny Co., July T., 1922, No. 1300.

*A. H. Mercer*, for plaintiff; *William M. Ewing*, for defendant.

Before SHAFER, P. J., and MACFARLANE and CARNAHAN, JJ.

SHAFER, P. J., Jan. 5, 1923.—The reasons assigned for striking off the lien are that the notice of intention to file the same was not served in time, and that the claim is for a lump sum. An examination of the record shows that this rule was taken after a *scire facias* had been issued on the lien and duly served, and judgment taken thereon for the plaintiff in default of appearance and affidavit of defence.

While this judgment remains on the record, no such proceeding as this has any place. The lien is merged in the judgment, and the judgment, while it stands, is conclusive of all matters necessary to the maintenance of the lien. The matters complained of in the reasons assigned are, therefore, *res adjudicata*. The rule is, therefore, discharged.